UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COTINA WASHINGTON, Individually and as Independent Administrator of the Estate of TONY O. WASHINGTON, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 22 C 4416<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

On February 19, 2021, Plaintiff Cotina Washington filed suit against PrimeCare Community Health Clinic ("PrimeCare"), Dr. Javier Guevara, and other Defendants in Cook County Circuit Court alleging medical negligence and wrongful death. *Washington v. PrimeCare Community Health, Inc.*, No. 21 L 1908 (Ill. Cir. Ct. Feb. 19, 2021). The United States substituted itself in the place of Defendants PrimeCare and Dr. Guevara, and removed the case to federal court pursuant to the Public Health Service Act ("PHSA"), 42 U.S.C. § 233(c). *Washington v. United States*, No. 21 C 5696, Doc. 1 (N.D. Ill. Oct. 26, 2021). The Court dismissed Washington's complaint without prejudice for failure to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). *Id.* at Doc. 11.

After exhausting her claims against the United States, Washington filed the present suit. The United States now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Washington failed to exhaust administrative remedies within the statutory

1

limit and the Westfall Act's savings provision does not protect her claims, the Court grants the Unites States' motion to dismiss.[1]

## BACKGROUND[2]

On February 20, 2019, Tony Washington, Washington's father, went to see Dr. Guevara at PrimeCare Wicker Park complaining of left lower leg pain. His vital signs appeared abnormal. Dr. Guevara diagnosed Mr. Washington with a strained Achilles tendon and discharged him with a prescription for muscle relaxers and instructions to return for a follow-up appointment on February 27, 2019. On February 26, Mr. Washington died from a pulmonary embolism resulting from deep vein thrombosis.

Nearly two years later, on February 19, 2021, Washington filed suit in state court individually and as an independent administrator of her father's estate against PrimeCare, Dr. Guevara, and other Defendants. *Washington*, No. 21 L 1908. Because PrimeCare receives federal funds and Dr. Guevara acted within the scope of his employment during the events in question, the United States substituted itself as Defendant in place of PrimeCare and Dr. Guevara, and on October 26, 2021, removed the case to federal court. *Washington*, No. 21 C 5696, Doc. 1; *see also* Doc. 1 ¶ 6. On December 1, 2021, the Court dismissed Washington's

---

[1] The Court dismisses the case pursuant to Rule 12(b)(6) rather than Rule 12(b)(1) because "the requirement of exhaustion is not jurisdictional." *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) ("In *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008), . . . and the following year in *Collins v. United States*, 564 F.3d 833, 838 (7th Cir. 2009), we explained that the [FTCA's] requirement of exhausting administrative remedies is not jurisdictional."); *see also Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) (acknowledging that "several courts consider 28 U.S.C. § 2675(a)'s exhaustion requirement to go to the court's subject-matter jurisdiction over the FTCA action," but explaining that the Seventh Circuit "no longer treats § 2675(a) as a jurisdictional prerequisite"); *Evans v. United States*, No. 22 C 1627, 2022 WL 17976165, at *5 (N.D. Ill. Dec. 28, 2022) (dismissing FTCA claim under Rule 12(b)(6)).

[2] The Court takes the facts in the background section from Washington's complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving the United States' motion to dismiss. See *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

complaint as to the federal Defendants without prejudice for failure to exhaust administrative remedies and stayed the case as to the state Defendants.[3] *Id.* at Doc. 11; *see also* 28 U.S.C. §§ 2401(b), 2675.

In an effort to exhaust administrative remedies, Washington presented her claims to the Department of Health and Human Services ("HHS"), which confirmed receipt on January 14, 2022. After six months passed without disposition of the claims, Washington deemed her claims denied. 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). Accordingly, on August 19, 2022, Washington filed the present suit against the United States, alleging medical negligence and wrongful death.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the

---

[3] Washington also named as Defendants Dr. Bradley Thobe and Presence Chicago Hospitals Network ("Presence"). Because the PHSA does not apply to either Dr. Thobe or Presence, these non-federal Defendants remain as Defendants in Case No. 21 C 5696.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), community health centers (such as PrimeCare) and their employees can be deemed Public Health Service ("PHS") employees pursuant to the PHSA. 42 U.S.C. § 233(g); *Chronis v. United States*, 932 F.3d 544, 546 n.1 (7th Cir. 2019) ("The [FSHCAA] permits the Secretary of Health and Human Services to deem certain federally funded community health centers, along with certain individuals affiliated with them, to be employees of the federal [PHS] for purposes of the [FTCA]." (citing 42 U.S.C. §§ 254b & 233(g)). PrimeCare, a private enterprise that receives federal grant money, operates as one of such centers, and Dr. Guevara acted within the scope of his employment at PrimeCare with respect to the allegations in the complaint. *See* Doc. 1 ¶ 6. Therefore, Washington's remedy against PrimeCare and Dr. Guevara lies in an action against the United States under the FTCA. 42 U.S.C. § 233(a), (g); *see also Evans*, 2022 WL 17976165, at *2 (where defendant health center received federal funding and doctor at the health center acted within the scope of his employment, the plaintiff's "remedy for alleged torts committed . . . lie[d] in a cause of action against the United States under the FTCA").

The FTCA "constitutes a limited waiver of the United States' sovereign immunity and allows individuals to bring an action for damages against the federal government for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011) (citing 28 U.S.C. § 1346(b)(1)). Its statute of limitations, which the United States contends bars this lawsuit, cabins the federal government's

4

liability. *Id.* Under the FTCA, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years after such claim accrues*." *Blanche v. United States*, 811 F.3d 953, 957–58 (7th Cir. 2016) (citing 28 U.S.C. § 2401(b)). "An FTCA claim accrues when: (A) an individual actually knows enough to tip him off that a governmental act (or omission) may have caused his injury; *or* (B) a reasonable person in the individual's position would have known enough to prompt a deeper inquiry." *Id.* at 958 (quoting *Arroyo*, 656 F.3d at 669). The United States asserts, and Washington does not appear to dispute, that Washington's FTCA claims accrued at the date of her father's death, February 26, 2019. Therefore, to comply with the FTCA, Washington needed to present her claims to HHS by February 26, 2021. The United States argues that because she waited until January 12, 2022—more than ten months after the FTCA deadline—the statute of limitations bars her claims.

      Rather than disputing when HHS received her claims, Washington argues that the Westfall Act's savings provision (the "Savings Provision") permits her claims to move forward. 28 U.S.C. § 2679(d)(5). The Westfall Act, "Congress's 1988 amendment to the FTCA," *Huertero v. United States*, 601 F. App'x 169, 171 (3d Cir. 2015), contains a Savings Provision that allows a plaintiff's claims to proceed as timely when an action "in which the United States is substituted as the party defendant under this subsection is dismissed for failure to first" exhaust administrative remedies, "the claim would have been timely had it been filed on the date the underlying civil action was commenced," and "the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action," 28 U.S.C. § 2679(d)(5); *see also Blanche*, 811 F.3d at 958 ("[T]he FTCA's 'savings provision' allows a plaintiff's claims to proceed as timely if she filed a civil action within two years of her claim's accrual and presented

the complaint to the appropriate federal agency within 60 days of her claim's dismissal."). The United States agrees that *if* the Savings Provision applies to this case, it would protect Washington's claims because she filed a civil action in state court within two years of her claims' accrual and presented her complaint to HHS within 60 days of her claims' dismissal. However, the United States contends that the Savings Provision does not apply because a plaintiff proceeding against PHS employees under 42 U.S.C. § 233(a) does not enjoy all the protections of the FTCA and because the Savings Provision applies only in cases removed under the FTCA's removal provision, 28 U.S.C. § 2679—and the United States removed this case pursuant to 42 U.S.C. § 233(c), the FSHCAA's removal provision.[4] *See* 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . to the district court of the United States . . . and the proceeding deemed a tort action brought against the United States.").

    The Court agrees that the Savings Provision does not apply in this case. As a threshold matter, the Supreme Court has made clear that 42 U.S.C. § 233 does not incorporate the FTCA in its entirety. *See Hui v. Castaneda*, 559 U.S. 799, 808 (2010) (rejecting the argument "that § 233(a) incorporates the entirety of the FTCA, as amended by the Westfall Act"); *see also Evans*, 2022 WL 17976165, at *4 ("While both the Westfall and [FSHCAA] Acts behave similarly in their allowance for the substitution of the United States as a defendant and providing remedies against the United States for certain wrongful conduct, they are not one in the same." (quoting *Dawson v. United States*, No. 16-827-DRH-SCW, 2018 WL 2440516, at *2 (S.D. Ill.

---

[4] The United States also contends that Washington cannot excuse her failure to comply with the statute of limitations by relying on principles of equitable tolling. Because Washington has not argued that equitable principles should toll her claim, the Court does not reach this argument.

May 31, 2018))); *Dawson*, 2018 WL 2440516, at *2 (court admitted "error" in labeling matter as a "Westfall action pursuant to 28 U.S.C. § 2679" when "the FSHCAA [was] the only provision cited as grounds for removal and plainly states that 'this action is removable pursuant to 42 U.S.C. § 233'" (citing 42 U.S.C. § 233(c))). And while the Supreme Court has not decided whether the Savings Provision applies to § 233, "[b]y its plain terms, . . . the savings provision applies only if 'the United States is substituted as the party defendant *under this subsection*.'" *Evans*, 2022 WL 17976165, at *3 (citing 28 U.S.C. § 2679(d)(5)).[5] Here, the United States substituted itself as a party in this case under 42 U.S.C. § 233, not 28 U.S.C. § 2679, and so the Savings Provision does not apply. *Id.* ("Under its plain text—in particular, the phrase 'under this subsection'—the savings provision does not apply where, as here, the United States is substituted as a party defendant under Section 233 rather than under Section 2679(d)."); *Patel v. United States*, No. CV-20-01864-PHX-DLR, 2021 WL 2454048, at *2 (D. Ariz. June 16, 2021) (finding the Savings Provision did "not excuse Plaintiffs' untimeliness" because "[t]he Court looks to a statute's plain meaning" and "[t]he statute unambiguously states that it applies in instances in which the United States was substituted as a party defendant under the subsection"); *see also Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731, 1737 (2020) ("When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law[.]").

Washington cites Seventh Circuit and other cases that discuss the Savings Provision in the context of PHS employees, but these cases do not mandate a different conclusion. First, it appears that in two of the Seventh Circuit cases, the United States removed the case to federal court pursuant to 42 U.S.C. § 233 *and* 28 U.S.C. § 2679(d). *See Blanche*, 811 F.3d at 957 ("On

---

[5] The decision in *Evans*, 2022 WL 17976165, is currently on appeal to the Seventh Circuit.

November 29, 2011, the United States removed the matter to federal court, pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233."); *Arroyo v. United States*, No. 07 C 4921, Doc. 10 (N.D. Ill Nov. 19, 2007) ("The case was removed to federal court on May 2, 2006, and the United States was substituted for Drs. Callentine and Reddy pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679(d)(1)."). In any event, even if the court in these cases assumed that the Savings Provision applies when the United States substitutes itself as a defendant under § 233, these assumptions appear only as dicta. *See Chronis*, 932 F.3d at 550 (deciding that plaintiff's letter to an agency within HHS did not suffice to present her claim under the FTCA and separately noting that because of the Savings Provision, "[i]t might be" that the plaintiff could "still file a timely suit under the [FTCA]"); *Blanche*, 811 F.3d at 957 (considering when the plaintiff's FTCA claim accrued and deciding that the statute of limitations barred her claim, but separately indicating that the "FTCA's saving provision applie[d] because [the plaintiff] presented her complaint to HHS within 60 days of her claims' dismissal"); *Arroyo*, 656 F.3d at 667 (deciding when the plaintiff's FTCA claim accrued for purposes of the statute of limitations and separately noting that the "limitation period is loosened by the Act's savings provision"). "[D]icta, even if repeated, does not constitute precedent and does not alter the plain text" of a statute. *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2498 (2022) ("[T]he Court's dicta, even if repeated, does not constitute precedent and does not alter the plain text of the General Crimes Act, which was the law passed by Congress and signed by the President."); *Evans*, 2022 WL 17976165, at *3 (acknowledging that "dicta in some Seventh Circuit cases" assumes that the Savings Provision applies, but explaining that "dicta cannot defeat a statute's plain text"). The cases Washington cites did not require, and the parties in those cases did not ask, the Seventh Circuit to consider

8

whether the Savings Provision applies to 42 U.S.C. § 233 and so the court did not need to decide the issue.[6]

As the court explained in *Evans*, "[i]t is not the [C]ourt's role to question Congress's choice to make the Westfall Act's savings provision available only when the United States is substituted as the party defendant under Section 2679(d) and not when it is substituted under Section 233." *Evans*, 2022 WL 17976165, at *4. "'[T]he confines of [the] judicial role' require the court 'to read the statute according to its text.'" *Id.* (quoting *Hui*, 559 U.S. at 812)). Congress enacted the Westfall Act *after* the "statutory text that became Section 233(c)," so it "[is] therefore . . . telling that Congress declined to enact a savings provision that encompassed Section 233(c)." *Id.* (citing *Hui*, 559 U.S. at 807). The Court "must give effect to Congress' choice." *Id.* Under its plain text, the Savings Provision does not apply to Washington's claims and the FTCA's statute of limitations therefore bars her claims.

---

[6] As to cases from this and other districts and other circuits that have held that the Savings Provision *does* apply to cases removed under 42 U.S.C. § 233, *see, e.g.*, *Herrera v. United States*, No. 20 C 5238, Doc. 14 (N.D. Ill. April 27, 2021), as Washington herself acknowledges, those decisions do not bind this Court. *See Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 204 n.2 (N.D. Ill. 2018) ("[D]ecisions of other district courts in the same district are not binding, although they may be persuasive." (citing *Van Straaten v. Shell Oil Prods. Co.*, 678 F.3d 486, 490 (7th Cir. 2012)) (internal quotation marks omitted)); *Zhirovetskiy v. Zayo Grp., LLC*, No. 17-CV-05876, 2018 WL 11195494, at *1 n.1 (N.D. Ill. Mar. 7, 2018) ("[D]ecisions by other district courts are not authoritative or binding on this court." (citing *Townsel v. DISH Network L.L.C.*, 668 F.3d 967, 970 (7th Cir. 2012))); *United States v. Diggs*, 385 F. Supp. 3d 648, 659 (N.D. Ill. 2019) ("It is axiomatic that decisions from one circuit, while deserving respectful consideration, are not binding on district courts in another circuit." (citing *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994))).

## CONCLUSION

For the foregoing reasons, the Court grants the United States' motion to dismiss under Rule 12(b)(6) [11]. The Court dismisses Washington's complaint with prejudice.

Dated: April 3, 2023

                                                SARA L. ELLIS
                                                United States District Judge